UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. O'CONNELL,

       Petitioner,

v.

                                  Case No. 13-mc-51229
                                  Hon. Gerald E. Rosen

KAREN GORDON MILLS,
ADMINISTRATOR, U.S. SMALL
BUSINESS ADMINISTRATION,

       Respondent.
_____/

## ORDER DISMISSING PETITION
## TO ENFORCE STATE COURT JUDGMENT

        At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on        October 2, 2013

        PRESENT:  Honorable Gerald E. Rosen
                              Chief Judge, United States District Court

      In a petition filed on August 13, 2013, Petitioner Michael J. O'Connell requests that this Court enforce a state court judgment dismissing with prejudice a case brought against him by non-party Capital One, F.S.B., and that the Respondent administrator of the U.S. Small Business Administration be enjoined from allegedly taking action inconsistent with this state court judgment by garnishing Petitioner's Social Security payments to repay a debt that the state court purportedly determined he did not owe. For the reasons stated below, the Court finds that Petitioner has failed to identify a jurisdictional basis upon which the Court could grant the relief sought in his petition.

First and foremost, regarding Petitioner's request that this Court enforce a judgment of dismissal entered by a Michigan court, Petitioner has not cited any possible source of this Court's freestanding jurisdictional authority to enforce a state court judgment.  As one court has explained, "[i]nasmuch as the federal courts are not appendages of the state courts, a federal court cannot enforce a state-court judgment without first independently establishing its own jurisdiction over the subject matter and parties."  *Threlkeld v. Tucker,* 496 F.2d 1011, 1104 (9th Cir. 1974); *see also Hazen Research, Inc. v. Omega Minerals, Inc.,* 497 F.2d 151, 153 n.1 (5th Cir. 1974) ("[A] fight over the enforcement of a state court judgment is not automatically entitled to a federal arena.").  Although Respondent is a federal agency official, Petitioner does not identify any federal cause of action arising from Respondent's alleged pursuit of collection efforts inconsistent with the state court judgment, nor does he allege a violation of federal law that might support this Court's exercise of federal question jurisdiction.[1]  Alternatively, assuming the parties are of diverse citizenship,[2] the present petition identifies the harm to Petitioner as amounting to approximately $273.75 per month, (*see* Petition at ¶ 12),

---

[1]The Court expresses no view as to whether the actions alleged in the present petition might give rise to a federal cause of action or establish a violation of federal law.  It merely observes that Petitioner has failed to identify any such federal cause of action or violation that might lie within the Court's federal question jurisdiction.  The Court also need not decide whether Petitioner must exhaust any available administrative remedies before seeking relief from the federal agency named in his petition.

[2]This is a dubious assumption, as federal agencies "cannot be sued in diversity," and "a suit against an agency administrator is equivalent to a suit against the agency."  *General Railway Signal Co. v. Corcoran,* 921 F.2d 700, 703-05 (7th Cir. 1991); *see also Dawkins v. U.S. Drug Enforcement Administration,* No. 97-1240, 1998 WL 152937, at *1 (6th Cir. Mar. 23, 1998).

suggesting that the requisite $75,000 amount in controversy is lacking here. *See* 28 U.S.C. § 1332(a).[3]

To be sure, there is a federal statute that authorizes this Court to register a foreign judgment, so that it then may be enforced in this District as though it were a local judgment of this Court itself. Specifically, this statute provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. The Sixth Circuit has explained that the language of this statute is "unambiguous," and that "[n]othing in the language of section 1963 grants authority to a district court to register judgments of any courts other than" those expressly listed in the statute itself. *Fox Painting Co. v. NLRB,* 16 F.3d 115, 117 (6th Cir. 1994).[4]

Consistent with this reasoning, a number of courts have reasoned that since § 1963 references only federal courts — *i.e.,* "any court of appeals, district court, bankruptcy

---

[3]In addition, just as Petitioner has failed to identify a federal cause of action arising from the allegations of his petition, he likewise has failed to plead a state-law cause of action that would support an award of the relief sought in his petition.

[4]At the time *Fox Painting* was decided, § 1963 lacked any reference to judgments entered by a court of appeals, and the Sixth Circuit therefore concluded under the plain language of the statute that "the District Court lacked jurisdiction to register a judgment of this Court." 16 F.3d at 117.

3

court, or . . . the Court of International Trade" — the statute does not permit a federal court to register a state court judgment. *See, e.g., Marbury Law Group, PLLC v. Carl,* 729 F. Supp.2d 78, 83 (D.D.C. 2010); *Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.,* 431 F. Supp.2d 705, 708 (E.D. Ky. 2006); *Dearborn Street Building Associates LLC v. D & T Land Holdings, LLC,* No. 07-1056, 2008 WL 2397660, at *3-*4 (W.D. Mich. June 9, 2008).[5] Accordingly, while Petitioner does not reference § 1963 — nor any other federal or state law or authority — as providing a basis for the Court to enforce the Michigan court's judgment of dismissal, the Court finds that this statute does not authorize the relief sought by Petitioner here.[6]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's August 13,

---

[5] The Seventh Circuit recently held that § 1963 does not prohibit the registration of state court judgments, acknowledging that "this conclusion runs contrary to previous interpretations [of the statute] by several district courts." *GE Betz, Inc. v. Zee Co.,* 718 F.3d 615, 623-25 (7th Cir. 2013). Yet, even if the Court were inclined to adopt the Seventh Circuit's reading of the statute, *GE Betz* recognizes that a state court judgment is not entitled to enforcement under § 1963 unless it "meet[s] the other requirements for federal jurisdiction." *GE Betz,* 718 F.3d at 624. As explained, Petitioner here has failed to identify any jurisdictional basis for this Court to enforce the Michigan court judgment that he seeks to register.

[6] Because the relief requested by Petitioner rests on the premise that Respondent is refusing to comply with a binding state court judgment and taking action inconsistent with this state court judgment, it is possible that the state court itself might have the authority to issue orders and grant relief necessary to effectuate its judgment, but this Court expresses no view as to whether the Michigan court possesses such authority. The Court also emphasizes that it has no occasion to decide whether, or to what extent, the state court judgment might be entitled to claim- or issue-preclusive effect in any subsequent litigation brought in an appropriate forum. *See Euro-American Coal Trading,* 431 F. Supp.2d at 709 n.9 (noting the "important distinction between *registering* and enforcing a foreign state court judgment in a federal court . . . and *according* a state court judgment 'full faith and credit' in terms of its preclusive effect . . . on claims and/or issues later litigated in a federal court").

2013 petition to enforce state court judgment and enjoin the U.S. Small Business Administration from garnishment of Petitioner's Social Security payments (docket #1) is DISMISSED for lack of subject matter jurisdiction.

                                               s/Gerald E. Rosen  
                                               Chief Judge, United States District Court

Dated:  October 2, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 2, 2013, by electronic and/or ordinary mail.

                                               s/Julie Owens  
                                               Case Manager, (313) 234-5135